Justice Sotomayor,
with whom Justice Auto joins,
concurring.
I agree with the Court’s conclusion that 18 U. S. C. § 3582(a) “precludes federal courts from imposing or lengthening a prison term in order to promote a criminal defendant’s rehabilitation.” Ante, at 321. I write separately to note my skepticism that the District Judge violated this proscription in this case.
At the sentencing hearing, the District Judge carefully reviewed the sentencing factors set forth in § 3553(a). First, he considered “[t]he nature and circumstances of the offense” committed by petitioner Alejandra Tapia — in this case, alien smuggling. App. 25-26; see § 3553(a)(1). He emphasized that Tapia’s criminal conduct “created a substantial risk of death or serious bodily injury” to the smuggled aliens. Id., at 26; see also id., at 20 (noting that the aliens were secreted in the vehicle’s gas tank compartment). Second, he reviewed Tapia’s “history and characteristics,” § 3553(a)(1), including her history of being abused and her associations “with the wrong people,” id., at 26. He noted his particular concern about Tapia’s criminal conduct while released on bail, when *336 she failed to appear and was found in an apartment with methamphetamine, a sawed-off shotgun, and stolen mail. Id., at 25-26. Third, he noted that the offense was “serious,” warranting a “sufficient” sentence. Id., at 26; see § 3553(a)(2)(A). Fourth, he considered the need “to deter criminal conduct” and “to protect the public from further crimes of the defendant,” which he characterized as a “big factor here, given [Tapia’s] failure to appear and what she did out on bail.” Id., at 26; see §§ 3553(a)(2)(B), (C). Fifth, he took account of the need “to provide needed correctional treatment,” in this case, the Bureau of Prisons’ (BOP) “500 Hour Drug Program,” more officially called the Residential Drug Abuse Treatment Program (RDAP). Id., at 27; see § 3553(a)(2)(D). And, finally, he noted the need “to avoid unwarranted sentencing disparities” and the need for the sentence “to be sufficient to effect the purposes of 3553(a) but not greater.” Id., at 27; see §§3553(a), (a)(6).
Tapia faced a mandatory minimum sentence of 36 months’ incarceration, id., at 18, but her Guidelines range was 41 to 51 months, id., at 13. After reviewing the 13553(a) factors, the judge imposed a sentence of 51 months, the top of the Guidelines range. He offered two reasons for choosing this sentence: “number one,” the need for drug treatment; and “[n]umber two,” deterrence. Id., at 27. With respect to the latter reason, the judge highlighted Tapia’s criminal history and her criminal conduct while released on bail — which, he said, was “something that motivates imposing a sentence that in total is at the high end of the guideline range.” Id., at 27-28. He concluded, “I think that a sentence less than what I am imposing would not deter her and provide for sufficient time so she could begin to address these problems.” Id., at 28.
The District Judge’s comments at sentencing suggest that he believed the need to deter Tapia from engaging in further criminal conduct warranted a sentence of 51 months’ incarceration. Granted, the judge also mentioned the need to *337 provide drug treatment through the RDAP. The 51-month sentence he selected, however, appears to have had no connection to eligibility for the RDAP. See BOP Program Statement No. P5330.ll, § 2.5.1(b) (Mar. 16, 2009) (providing that, to participate in the RDAP, an inmate must ordinarily have at least 24 months remaining on her sentence). Even the 36-month mandatory minimum would have qualified Tapia for participation in the RDAP. I thus find it questionable that the judge lengthened her term of imprisonment beyond that necessary for deterrence in the belief that a 51-month sentence was necessary for rehabilitation. Cf. S. Rep. No. 98-225, p. 176 (1983) (“A term imposed for another purpose of sentencing may .. . have a rehabilitative focus if rehabilitation in such a case is an appropriate secondary purpose of the sentence”).
Although I am skeptical that the thoughtful District Judge imposed or lengthened Tapia’s sentence to promote rehabilitation, I acknowledge that his comments at sentencing were not perfectly clear. Given that Ninth Circuit precedent incorrectly permitted sentencing courts to consider rehabilitation in setting the length of a sentence, see ante, at 322-323, and that the judge stated that the sentence needed to be “long enough to get the 500 Hour Drug Program,” App. 27, I cannot be certain that he did not lengthen Tapia’s sentence to promote rehabilitation in violation of § 3582(a). I therefore agree with the Court’s disposition of this case and join the Court’s opinion in full.